## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                              Case No. 20-20029

v.

                              HON. DENISE PAGE HOOD

SEAN FREEMAN D-3,

                Defendant.

_____/

## ORDER STRIKING SEAN FREEMAN'S OBJECTIONS
## TO REPORT AND RECOMMENDATION

On March 26, 20204, the Court entered an Order Accepting and Adopting the December 18, 2023 Report and Recommendation by the Magistrate Judge recommending that this Court accept Defendant Sean Freeman's plea of guilty. (ECF Nos. 117, 107) Proceeding *pro se*, Freeman filed some papers, which the Court considers as untimely Objections to the Report and Recommendation on March 27, 2024.   (ECF No. 118 (Duplicate ECF No. 119); ECF No. 121) Freeman is currently represented by counsel.

As to Freeman's *pro se* filings, it is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings.

*Faretta v. California*, 422 U.S. 806 (1975).   However, a criminal defendant does not have a right to hybrid representation.   *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987)(Defendant, although a lawyer, was represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-923 (6th Cir. 2004).   A court's discretion to reject hybrid representation may apply to the filing of motions.   *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused to consider motions filed by defendant's mother).   The Sixth Circuit's analysis in *Mosely* is extended to filings of motions. *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich. Case No. 06-20137, Feb. 6. 2008) (unpublished).

Because defendant is represented by counsel, the Court will not consider Freeman's *pro se* filings.   The Objections are overruled and denied as hybrid filings, which are not recognized in the Sixth Circuit.

Even if the Court were to consider Freeman's filings, the filings are untimely.   Freeman asserts that he does not accept the attached Plea Agreement "offer" and does not consent to the proceedings.   (ECF No. 118, PageID.536 (ECF No. 119 duplicate))   A plea hearing was held before the Magistrate Judge on December 18, 2023, with Freeman's consent.   (ECF No. 105) Freeman's signature

appears on the written Plea Agreement.  (ECF No. 106) The Magistrate Judge's December 19, 2023 Report and Recommendation stated, "[i]n open court, I examined Defendant under oath, confirmed Defendant's consent, and then advised and questioned Defendant regarding each of the inquiries prescribed by Rule 11(b) of the Federal Rules of Criminal Procedure."  (ECF No. 107, PageID.410) The Report and Recommendation expressly noted that a party had 14 days to file specific written objections to the Magistrate Judge's findings and recommendations.  (*Id*. at PageID. 411) As this Court noted in its Order accepting the Report and Recommendation, no party filed an Objection, the time to file such passed and any right to appeal waived.  (ECF No. 117, PageID.534) Freeman's *pro se* Objections, filed more than three months after the Magistrate Judge's Report and Recommendation, are overruled and denied as untimely.

Accordingly,

IT IS ORDERED that Defendant Sean Freeman's *pro se* filings and Objections (ECF Nos. 118, 119, 121) are STRICKEN.  Alternatively, the Objections are OVERRULED AND DENIED as more fully set forth above.

<u>S/DENISE PAGE HOOD</u>
DENISE PAGE HOOD
United States District Judge

DATED:  April 17, 2024

3